**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| STANLEY KIRKMAN, (B10469), | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | Case No. 24-cv-5860 |
| v. | ) | |
| | ) | Judge Jeffrey I. Cummings |
| | ) | |
| CHANCE JONES, | ) | |
| | ) | |
| Respondent. | ) | |

**<u>MEMORANDUM OPINION AND ORDER</u>**

On July 10, 2024, petitioner Stanley Kirkman ("Kirkman" or "petitioner"), an inmate at the Illinois River Correctional Center, brought this *pro se* habeas corpus action, (Dckt. #1), pursuant to 28 U.S.C. §2254, challenging his January 17, 2010 conviction of aggravated criminal sexual assault in the Circuit Court of Cook County. Before this Court, petitioner brings habeas claims on the following three grounds: "void/ab initio indictment," "ex post facto principle," and "failure to admonish." (*Id.* at 5–6). Respondent now moves to dismiss Kirkman's claims as time-barred. (Dckt. #28).

For the reasons set forth below, the Court agrees that Kirkman's claims are time-barred under 28 U.S.C. §2244(d). The Court thus denies Kirkman's petition and declines to issue a certificate of appealability.[1]

**I.     BACKGROUND**

The Court draws the following factual history from the Illinois Appellate Court opinion, *People v. Kirkman*, 2016 ILApp (1st) 131475-U (Ill.App.Ct. June 23, 2016) (attached as Dckt.

---

[1] This Court has jurisdiction over petitioner's 28 U.S.C. §2254 petition for a writ of habeas corpus pursuant to 28 U.S.C. §§1331, 2241, and 2254.

#14-2).   State court factual findings, including facts set forth in a state court appellate opinion, have a presumption of correctness, and the petitioner has the burden of rebutting the presumption by clear and convincing evidence.   28 U.S.C §2254(e)(1); *Tharpe v. Sellers*, 583 U.S. 33, 34 (2018) ("[The state court's] factual determination is binding on federal courts . . . in the absence of clear and convincing evidence to the contrary."); *Hartsfield v. Dorethy*, 949 F.3d 307, 309 n.1 (7th Cir. 2020); *Perez-Gonzalez v. Lashbrook*, 904 F.3d 557, 562 (7th Cir. 2018).   The Court draws additional procedural history from the state court record, (Dckt. #14, *et seq.*).

### A.    Conviction, Direct Review, and Initial Postconviction Petition

After trial and three days of deliberation, a Cook County jury found Kirkman guilty of aggravated criminal sexual assault for raping a fifteen-year-old girl at gunpoint on July 8, 1999. (*See* Dckt. #14-2 ¶¶21, 27–33).   Kirkman was sentenced to fifty years in prison.   (*Id.* ¶81).   On June 23, 2016, the Illinois Appellate Court affirmed his conviction and sentence, (*id.* ¶192), and on November 23, 2016, the Illinois Supreme Court denied Kirkman's petition for leave to appeal ("PLA"), (Dckt. #14-3).   Kirkman did not file a petition for a writ of certiorari in the United States Supreme Court.

On December 30, 2016, Kirkman filed a *pro se* petition for postconviction relief, claiming ineffective assistance of trial and appellate counsel.   (Dckt. #14-4 at 4–5).   The state trial court dismissed his petition, and on December 16, 2020, the Illinois Appellate Court affirmed the dismissal.   (Dckt. #14-5 ¶¶39, 68).

### B.    Collateral Review

On October 18, 2018, while Kirkman's postconviction appeal was pending, he filed a petition for relief from judgment under 735 ILCS 5/2-1401 ("Section 2-1401 petition").   (Dckt. #14-6 ¶3).   On January 25, 2019, the state trial court dismissed the petition.   (*Id.* ¶4).   On

March 10, 2021, after considering appointed appellate counsel's motion requesting leave to withdraw pursuant to *Pennsylvania v. Finley*, 481 U.S. 551 (1987), and memorandum in support thereof, the Illinois Appellate Court granted counsel's motion to withdraw and affirmed the state trial court's judgment. (*Id.* ¶¶5, 9). Kirkman did not file a PLA.

In January 2019, Kirkman filed two additional Section 2-1401 petitions that the state trial court subsequently denied in March 2019. (Dckt. #14-9). Then, in May 2019, Kirkman filed a fourth Section 2-1401 petition, which the state trial court denied in March 2020. (Dckt. #14-10). In January 2020, Kirkman filed a "Petition for Injunctive Relief" that the state trial court denied, and which the Illinois Appellate Court subsequently affirmed on December 29, 2021. (Dckt. #14-1). And in December 2020, Kirkman filed a fifth Section 2-1401 petition that the state trial court denied in February 2021, and which the appellate court affirmed on July 27, 2022. (Dckt. #14-11). Kirkman did not file a PLA for any of these rulings.

### C. Successive Postconviction Petitions

On January 19, 2021, Kirkman sought leave to file a successive postconviction petition, which the state trial court denied, and which Kirkman did not subsequently appeal. (*Id.* at 4). On November 14, 2022, Kirkman sought leave to file a second successive postconviction petition, which the state trial court denied on May 5, 2023. (*Id.* at 4, 12). On January 21, 2025, the Illinois Appellate Court affirmed the trial court's judgment. (Dckt. #28-1 at 1). On May 28, 2025, the Supreme Court of Illinois denied Kirkman's PLA. (Dckt. #28-2 at 1).

### D. Federal Petition

On July 10, 2024, Kirkman filed the instant petition while his appeal from the state trial court's denial of leave to file his second successive postconviction petition was still pending. (Dckt. ##1; 14-13 at 4). Respondent moved to stay the federal habeas proceedings, (Dckt. #13),

3

which the Court granted, (Dckt. #23), until the conclusion of petitioner's state collateral proceedings, (Dckt. #25).

## II.    ANALYSIS

Respondent now moves to dismiss Kirkman's federal habeas petition as untimely. (Dckt. #27).   Kirkman argues in response that he "has been pursuing his rights diligently" and seeks to rely on a claim of actual innocence to overcome the time bar.   (Dckt. #29 at 1).   For the following reasons, the Court finds that Kirkman's claims are time-barred, and thus grants respondent's motion to dismiss.

### A.    Kirkman's Habeas Petition Is Untimely.

A state prisoner filing a federal habeas corpus petition must do so within the one-year statute of limitations imposed by 28 U.S.C. §2244(d)(2).   That period begins to run from the latest of certain dates set forth in the statute, including, as relevant here, "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."   28 U.S.C. §2244(d)(1)(A).   The Supreme Court has held that Section 2244(d)(1)(A) is comprised of two prongs—the "conclusion of direct review" and the "expiration of the time for seeking such review"—each of which "relates to a distinct category of petitioners."   *Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012).   For Kirkman, who did not appeal the Illinois Supreme Court's denial of his direct appeal PLA, judgment became final "when the time for pursuing direct review in [the Supreme] Court, or in state court, expire[d]."   *Id.* However, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."   28 U.S.C. §2244(d)(2).

Kirkman's judgment became final on February 21, 2017, ninety days after the Illinois

Supreme Court denied his PLA for his direct appeal on November 23, 2016, when the time for petitioning for a writ of certiorari expired. *See* S.Ct.R. 13.1. But the limitations period was immediately tolled because Kirkman filed his state postconviction petition on December 30, 2016, before his conviction became final. The limitations period was further tolled by Kirkman's pursuit of state collateral review in the form of various Section 2-1401 petitions and his "Petition for Injunctive Relief." The clock began again on July 28, 2022, the day after the Illinois Appellate Court affirmed the state trial court's judgment denying Kirkman's final Section 2-1401 petition, and at which point Kirkman's "application for State post-conviction or other collateral review" was no longer "pending." 28 U.S.C. §2244(d)(2).

Assuming that all of Kirkman's petitions for Section 2-1401 review and other injunctive relief were "properly filed" applications for collateral review that continuously tolled the limitations period, he had until July 28, 2023—one year after the clock started running—to file a timely petition for federal habeas relief. *See Brooks v. Walls*, 279 F.3d 518, 521 (7th Cir. 2002) ("A collateral attack that is untimely under state law is not properly filed" for purposes of tolling the statute of limitations on a habeas claim.) (cleaned up). Kirkman did not file his federal habeas petition until July 10, 2024, nearly a year after the statute of limitations expired. Accordingly, his petition is untimely.

Kirkman did not further toll the statute of limitations, nor does he argue that he did. Moreover, Kirkman's attempt to file his second successive postconviction petition in November 2022 did not further toll the statute of limitations. Indeed, the state court denied Kirkman leave to file this petition, so it was never "properly filed" and thus did not toll the statute of limitations for bringing a federal habeas claim. *See Martinez v. Jones*, 556 F.3d 637, 639 (7th Cir. 2009) ("[T]he period during which a request to file a successive petition is pending in Illinois state

court does not toll the statute of limitations on actions under §2254 unless permission is granted."). Nor is Kirkman entitled to equitable tolling, which requires an "extraordinary circumstance" that prevented timely filing; he has not argued that any such circumstances were present, and his apparent mistake about the proper time for filing does not constitute an "external obstacle beyond the party's control" sufficient to constitute an extraordinary circumstance. *Lombardo v. United States*, 860 F.3d 547, 552 (7th Cir. 2017) (cleaned up); *Arrietta v. Battaglia*, 461 F.3d 861, 867 (7th Cir. 2006) ("Mistakes of law or ignorance of proper legal procedures are not extraordinary circumstances warranting invocation of the doctrine of equitable tolling.").

Finally, contrary to his argument, Kirkman cannot rely on a claim of actual innocence to overcome the time bar, as claims of actual innocence can only overcome the time bar when certain conditions are met. To be sure, a claim of actual innocence can constitute a "gateway" to review of a habeas claim that would otherwise be foreclosed by untimeliness. *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). But "[a] claim of actual innocence must be both credible and founded on new evidence" to serve as such a gateway. *Arnold v. Richardson*, 14 F.4th 780, 782 (7th Cir. 2021) (cleaned up). Here, Kirkman identifies no new evidence indicating his innocence, instead raising the same arguments about the consensual nature of his sex act that he raised at trial. (*See* Dckt. #14-2 ¶20). Thus, his claim of actual innocence does not allow him to overcome the time bar.

Accordingly, Kirkman's petition for writ of habeas corpus is time-barred under 28 U.S.C. §2244(d).

## B. Notice of Appeal Rights and Certificate of Appealability

Petitioner is advised that this is a final decision ending his case in this Court. If he wishes to appeal, he must file a notice of appeal with this Court within 30 days of the entry of

judgment.   *See* Fed.R.App.P. 4(a)(1).   Petitioner need not bring a motion to reconsider this Court's ruling to preserve his appellate rights.   If he wishes the Court to reconsider its judgment, however, he may file a motion under Federal Rule of Civil Procedure 59(e) or 60(b).   Any Rule 59(e) motion must be filed within 28 days of the entry of this judgment.   *See* Fed.R.Civ.P. 59(e). The time to file a motion pursuant to Rule 59(e) cannot be extended.   *See* Fed.R.Civ.P. 6(b)(2). A timely Rule 59(e) motion suspends the deadline for filing an appeal until the Rule 59(e) motion is ruled upon.   *See* Fed.R.App.P. 4(a)(4)(A)(iv).   Any Rule 60(b) motion must be filed within a reasonable time and, if seeking relief under Rule 60(b)(1), (2), or (3), must be filed no more than one year after entry of the judgment or order.   *See* Fed.R.Civ.P. 60(c)(1).   The time to file a Rule 60(b) motion cannot be extended.   *See* Fed.R.Civ.P. 6(b)(2).   A Rule 60(b) motion suspends the deadline for filing an appeal until the Rule 60(b) motion is ruled upon only if the motion is filed within 28 days of the entry of judgment.   *See* Fed.R.App.P. 4(a)(4)(A)(vi).

The Court declines to issue a certificate of appealability.   A certificate of appealability is appropriate only when "the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).   Petitioner cannot make a substantial showing of the denial of a constitutional right, and reasonable jurists would not debate, much less disagree, with this Court's resolution of petitioner's claims.   *Arredondo v. Huibregtse*, 542 F.3d 1155, 1165 (7th Cir. 2008) (citing 28 U.S.C. §2253(c)(2)); *Slack*, 529 U.S. at 484.

**CONCLUSION**

For the foregoing reasons, respondent's motion to dismiss, (Dckt. #28), is granted. The Court declines to issue a certificate of appealability. The Clerk of the Court is instructed to enter judgment in favor of respondent and against petitioner.

**DATE: July 20, 2026**

**Jeffrey I. Cummings**
**United States District Court Judge**